**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| NO-SPILL SYSTEMS, INC., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| SAGE OIL VAC, INC., | § | JURY DEMANDED |
| *Defendant.* | § | |
| | § | |

**COMPLAINT FOR UNFAIR COMPETITION AND
TRADEMARK INFRINGEMENT AND DEMAND FOR JURY**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff NO-SPILL SYSTEMS, INC. ("No-Spill") for its Complaint against Defendant SAGE OIL VAC, INC. ("Sage") would respectfully show the Court as follows:

**INTRODUCTION**

1. Plaintiff No-Spill, owner of the federally registered trademarks Nos. 3,129,128 NO-SPILL SYSTEMS and 4,405,917 SPEED CLICK complains of the use by Defendant Sage of the substantially identical trademarks NO-SPILL and SPEEDCLICK for metal couplings (drain plugs) for use with oil drainer hoses. Sage's use of the trademarks NO-SPILL and SPEEDCLICK in connection with these products constitutes trademark infringement and unfair competition and, indeed, constitutes a use of counterfeit marks. In addition, No-Spill complains of various business torts committed by Sage involving the use of false and misleading statements of fact regarding No-Spill and its products. No-Spill seeks both monetary and injunctive relief.

**THE PARTIES**

2. Plaintiff No-Spill is a North Dakota corporation with its principal place of business at P.O. Box 243-231 North 3rd Street, Pembina, ND 58271.

3. Defendant Sage is a corporation organized under the laws of the State of Texas with its principal place of business at 360 North Lakeside Drive, Amarillo, TX 79118.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction in this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because it arises under the Federal Trademark Act, 15 U.S.C. § 1052 *et. seq*.  Jurisdiction over the state law causes of action is proper under 28 U.S.C. § 1338(b) because they assert claims of unfair competition and are joined with substantial and related claims under the Federal Trademark laws.

5. This Court has jurisdiction over the persons of the Defendant because it is a resident of the State of Texas and acts of infringement complained of in this action took place within this State.

6. Venue is proper in this District as to the Defendant under 28 U.S.C. § 1391(b) because it is doing business in this District and is considered to "reside" in the District for venue purposes.

## FACTS

7. Since as long ago as 1996, No-Spill has used the name and mark NO-SPILL in connection with the distribution and sale of its products in U.S. commerce.  In August 2006, No Spill was granted Registration No. 3,129,128 for the mark NO-SPILL SYSTEMS.  A copy of this registration is attached marked Exhibit A.  Since at least as long ago as 1998, No-Spill and before it its predecessor, Femco Environmental, has sold metal couplings for oil hoses under the mark SPEED CLICK.  On September 24, 2013, No-Spill was granted U.S. Trademark Registration No. 4,405,917.  A copy of this registration is attached marked Exhibit B.

8. After No-Spill had started to sell its hose couplings under the trademark SPEED CLICK, Sage started to advertise, offer for sale and sell hose couplings that are directly competitive to those of No-Spill using the trademarks NO-SPILL and SPEEDCLICK. A copy of a Sage brochure showing its infringing use of NO-SPILL and SPEED CLICK is attached as Exhibit C.

9. As a result of Defendant's use of NO-SPILL and SPEEDCLICK for its drain plugs, the public has been deceived, or confused, or is likely to be deceived and confused as to whether Sage's products are provided by No-Spill, or whether No-Spill and Sage are associated or affiliated, or whether Sage's products are licensed, sponsored or approved by No-Spill. Sage has made false and misleading statements about No-Spill and its products to customers and potential customers of No-Spill. These statements include (a) that No-Spill is no longer in business, (b) that No-Spill is selling "counterfeit" products, and (c) that No-Spill's products are defective, leak and do not perform properly.

## COUNT I
## INFRINGEMENT OF
## TRADEMARK REGISTRATION
## 15 U.S.C. § 1114

10. Sage is using in commerce a reproduction, counterfeit or colorable imitation of No-Spill's trademark SPEED CLICK, which is the subject of Registration No. 4,405,917, in connection with the sale, offering for sale, distribution, and advertising of its goods and services on, or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

11. No-Spill's rights in its trademark SPEED CLICK were established before Sage's first use of the trademark SPEEDCLICK.

12. Sage's use of the trademark SPEEDCLICK is without the consent of No-Spill and constitutes infringement under 15 U.S.C. § 1114 of No-Spill's registered trademark.

13. Sage's infringement of No-Spill's registration trademark is causing irreparable harm to No-Spill, which will continue unless Sage is enjoined by this Court.

## COUNT II
## INFRINGEMENT OF
## TRADEMARK REGISTRATION
## 15 U.S.C. § 1114

14. Sage is using in commerce a reproduction, counterfeit or colorable imitation of No-Spill's trademark NO-SPILL SYSTEMS, which is the subject of Registration No. 3,129,128, in connection with the sale, offering for sale, distribution, and advertising of its goods and services on, or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

15. No-Spill's rights in its trademark NO-SPILL SYSTEMS were established before Sage's first use of the trademark NO-SPILL.

16. Sage's use of the trademark NO-SPILL is without the consent of No-Spill and constitutes infringement under 15 U.S.C. § 1114 of No-Spill's registered trademark.

17. Sage's infringement of No-Spill's registration trademark is causing irreparable harm to No-Spill, which will continue unless Sage is enjoined by this Court.

## COUNT III
## UNFAIR COMPETITION BY USE OF
## FALSE AND MISLEADING REPRESENTATION
## 15 U.S.C. § 1125(a)(1)(A)

18. No-Spill, by virtue of its substantial and continuous use of its mark SPEED CLICK, has trademark rights in that term.

19. No-Spill's rights in SPEED CLICK were established before Sage's first use of SPEEDCLICK as a trademark.

20. Sage's use of the mark SPEEDCLICK constitutes use in commerce, in connection with its goods, of a false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Sage with No-Spill, or as to the origin, sponsorship, or approval of Sage's goods by No-Spill.

21. Sage's use of SPEEDCLICK is likely to cause confusion among the relevant purchasing public. This confusion constitutes irreparable harm to No-Spill, which will continue unless Sage is enjoined by this Court.

## COUNT IV
## UNFAIR COMPETITION BY USE OF
## FALSE AND MISLEADING REPRESENTATION
## 15 U.S.C. § 1125(a)(1)(A)

22. No-Spill, by virtue of its substantial and continuous use of the name and mark NO-SPILL, has trademark rights in that term.

23. No-Spill's rights in NO-SPILL were established before Sage's first use of NO-SPILL as a trademark.

24. Sage's use of the mark NO-SPILL constitutes use in commerce, in connection with its goods, of a false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Sage with No-Spill, or as to the origin, sponsorship, or approval of Sage's goods by No-Spill.

25. Sage's use of NO-SPILL is likely to cause confusion among the relevant purchasing public. This confusion constitutes irreparable harm to No-Spill, which will continue unless Sage is enjoined by this Court.

### COUNT V
### LIABILITY FOR TRADEMARK COUNTERFEITING
### 15 U.S.C. § 1117(b)

26. Sage's use of the trademark SPEEDCLICK constitutes use of a counterfeit mark within the terms of the statute. Sage's use constitutes intentionally using the mark SPEEDCLICK, knowing it to be a counterfeit mark, in connection with the sale, offering for sale, and distribution of its goods. 15 U.S.C. § 1117(b).

### COUNT VI
### UNFAIR COMPETITION BY TRADEMARK
### INFRINGEMENT UNDER TEXAS LAW

27. Sage's use of the marks NO-SPILL and SPEEDCLICK constitute infringement of No-Spill's rights in the marks NO-SPILL and SPEED CLICK which have been used in Texas by No-Spill from a time before Sage's first use of NO-SPILL and SPEEDCLICK.

28. Sage's use of NO-SPILL and SPEEDCLICK is likely to cause confusion, or to cause mistake, or to deceive, the public as to the source of origin of its goods, or as to the affiliation or association of Sage or Sage's products and services with No-Spill. These acts of Sage constitute trademark infringement under the common law of the State of Texas.

### COUNT VII
### FALSE ADVERTISING
### 15 U.S.C. § 1125(a)(1)(B)

29. Sage has stated in advertising or promotion that No-Spill is no longer in business and cannot supply its SPEED CLICK products, that No-Spill is supplying "counterfeit" products and that No-Spill's products are defective and leak when used by customers. These statements

are literally false and misrepresent the nature, characteristics, or qualities of No-Spill's goods and commercial activities.

## COUNT VIII
## TORTIOUS INTERFERENCE

30. Sage has told potential purchasers of couplings that No-Spill has ceased doing business and cannot supply SPEED CLICK couplings, that No-Spill is supplying "counterfeit" products and that No-Spill's products are defective and leak when used by customers. These statements were false and constituted intentional interference with No-Spill's relationship with purchasers and prospective purchasers of its products. Sage's false statements were unlawful and proximately caused injury to No-Spill, causing No-Spill actual damage or loss.

## COUNT IX
## BUSINESS DISPARAGEMENT

31. Sage has published false statements, including statements that No-Spill has ceased to do business and can no longer supply its SPEED CLICK products, that No-Spill is supplying "counterfeit" products and that No-Spill's products are defective and leak when used by customers. Sage has published these false statements with malice and without privilege, causing damage to No-Spill.

## COUNT X
## EXEMPLARY DAMAGES

32. Sage's acts complained of above were malicious and willful. No-Spill is entitled to exemplary damages for these acts.

## **PRAYER**

No-Spill respectfully requests:

(1)     that this Court preliminarily and permanently enjoin Sage, its parents, subsidiaries, officers, directors, employees, agents, licensees and franchisees, and all persons acting in participation or concert with Sage:

(a)     from using the name and trademark SPEEDCLICK, or any other name or trademark confusingly similar to SPEED CLICK, or any copy or colorable imitation of SPEED CLICK, in connection with the sale, advertising or promotion of any goods or services;

(b)     from using the name and trademark NO-SPILL, or any other name or trademark confusingly similar to NO-SPILL, or any copy or colorable imitation of NO-SPILL, in connection with the sale, advertising or promotion of any goods or services;

(c)     from using the name and trademark SPEEDCLICK or any other word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or association of Sage with No-Spill, or as to the origin, sponsorship, or approval of Sage's goods, services or commercial activities by No-Spill.

(d)     from using the name and trademark NO-SPILL or any other word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or association of Sage with No-Spill, or as to the origin, sponsorship, or approval of Sage's goods, services or commercial activities by No-Spill; and

(e) from falsely stating that No-Spill has ceased to do business, is no longer supplying its SPEED CLICK products, and that No-Spill's products fail in performance;

(2) that the Sage be ordered to deliver up for destruction any and all labels, signs, prints, packages, wrappers, receptacles, computer files, and advertising in its possession bearing or including the SPEEDCLICK and the NO-SPILL name and trademark;

(3) that in any injunction the Court direct Sage to file with this Court and serve on No-Spill, within thirty (30) days after the service on Sage of the injunction, a report in writing under oath setting forth in detail the manner and form in which Sage has complied with the injunction;

(4) that No-Spill recovers any damages sustained and the costs of this action, pursuant to 15 U.S.C. § 1117(a);

(5) that No-Spill recovers Sage's profits resulting from its acts of infringement in order to redress Sage's unjust enrichment and to deter its infringement of the SPEED CLICK mark. 15 U.S.C. § 1117(a);

(6) that any damages awarded be tripled and any profits awarded be increased to the amount this Court finds just. 15 U.S.C. § 1117(a);

(7) that No-Spill recovers its attorneys' fees pursuant to 15 U.S.C. § 1117(a);

(8) that No-Spill recovers three times Sage's profits, or three times No-Spill's damages, whichever amount is greater, together with No-Spill's attorney's fees. 15 U.S.C. § 1117(b);

(9) that No-Spill recovers exemplary damages for the common law torts committed by the Sage, and

(10)    that No-Spill recovers such further and other relief, legal or equitable, that this Court finds just.

## JURY DEMAND

No-Spill hereby requests a trial by jury of this action.

DATED: April 21, 2014

Respectfully submitted,

/s/ John M. Cone
John M. Cone
State Bar No. 04660100
jcone@hitchcockevert.com
Megan M. O'Laughlin
State Bar No. 24013263
molaughlin@hitchcockevert.com
HITCHCOCK EVERT LLP
750 N. St. Paul Street, Suite 1110
Dallas, Texas  75201
Telephone:  (214) 953-1111
Facsimile:  (214) 953-1121

ATTORNEYS FOR PLAINTIFF
NO-SPILL SYSTEMS, INC.